IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DANIEL R. TUCKER                                                          PLAINTIFF
#167292

V.                              Case No. 4:26-CV-00398-JM-BBM

PULASKI COUNTY REGIONAL
DETENTION FACILITY; and TUCKER,
Medical Nurse, Turn Key, Pulaski County
Jail                                                                     DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge James M. Moody Jr. You may file written objections to all or

part of this Recommendation. If you do so, those objections must: (1) specifically explain

the factual and/or legal basis for your objection; and (2) be received by the Clerk of this

Court within 14 days of the date of this Recommendation. If you do not file objections,

Judge Moody may adopt this Recommendation without independently reviewing all of the

evidence in the record. By not objecting, you may waive the right to appeal questions of

fact.

## I.      INTRODUCTION

On April 22, 2026, Plaintiff Daniel R. Tucker ("Tucker"), a convicted prisoner in

the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint

pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 2).

Before Tucker may proceed with this action, the Court must screen his Complaint in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II.   ALLEGATIONS

Tucker alleges that, during the weekend of April 17 to April 19, 2026, he was seen by Nurse Tucker for a rash on his hands. (Doc. 2 at 4). Tucker had previously been seen for a rash on his feet and told to wear socks while he was sleeping. *Id.* at 4–5. Tucker, believing the same rash had spread to his hands, simply wanted Nurse Tucker to document the hand rash by taking a picture and putting a note in the computer. *Id.* at 4–5. But, instead, Nurse Tucker was "very rude" and told Tucker to "wear socks" per the doctor's previous instructions. *Id.* at 4.

Tucker wants to "charge" Nurse Tucker for "not doing her job." (Doc. 2 at 5). He names Nurse Tucker and the PCRDF as Defendants and sues them in their official and individual capacities. (Doc. 2 at 1–2). For relief, he seeks monetary damages and to have Nurse Tucker's medical license revoked. *Id.* at 6.

## III.   DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Tucker's allegations, and considering them within the proper legal framework, he alleges an Eighth Amendment medical-deliberate-indifference claim. It is recommended that Tucker's Complaint be dismissed, however, because it fails to state a claim upon which relief may be granted.

### A.    Pulaski County Regional Detention Center

The first flaw in Tucker's Complaint is that he names the PCRDF itself as a Defendant in this 42 U.S.C. § 1983 action. (Doc. 2 at 1). However, it is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *LaDeaux v. Woodbury Cnty. Jail*, 857 F. App'x 892, 893 (8th Cir. 2021) (per curiam). Accordingly, Tucker fails to state a claim for relief against PCRDF.

3

**B.      Medical Deliberate Indifference**

To state an Eighth Amendment claim based on medical deliberate indifference, Tucker must allege facts showing: (1) he had an objectively serious medical need; and (2) Nurse Tucker knew of but deliberately disregarded that need. *Cannon v. Dehner*, 112 F.4th 580, 586 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 1149 (2025).

**1.      Serious Medical Need**

"A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Dantzler v. Baldwin*, 133 F.4th 833, 843 (8th Cir. 2025) (quotation marks and citation omitted). At the time he saw Nurse Tucker, Tucker was experiencing new symptoms that had not been diagnosed by a physician as needing treatment. And Tucker himself was not seeking medical treatment for the new rash; he simply wanted it to be acknowledged and recorded. As such, Tucker's medical-deliberate-indifference claim fails because he has not alleged facts showing that the rash on his hands was a serious medical need.

**2.      Deliberate Disregard**

Assuming, for the sake of analysis, that the rash constituted a serious medical need, Nurse Tucker's failure to appreciate the seriousness of that need and provide treatment constitutes, at most, negligence. Mere negligence, even gross negligence, does not rise to the level of a constitutional violation. *Dalen v. Harpstead*, 123 F.4th 900, 904 (8th Cir. 2024) (citation omitted).

Accordingly, Tucker has failed to allege plausibly that Nurse Tucker deliberately disregarded a serious medical need. And it is recommended that the claim be dismissed for failure to state a claim for relief.

### C. Official-Capacity Claims

Tucker's official-capacity claims against the Defendants "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). But Pulaski County cannot be held vicariously liable for constitutional violations committed by its employees. *See Id*. Instead, Pulaski County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Because Tucker has not made any such allegations, he has failed to plead any plausible official-capacity claims.

### IV. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.      Tucker's Complaint, (Doc. 2), be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 30th day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

6